ANNA DUTTON, Appellant, v. WILLIAM S. FORD et al., Respondents. ROY H. DUTTON, Appellant, v. WILLIAM S. FORD et al., Respondents.— Appeals from orders and judgments of the Supreme Court, Fulton County. Before interposing answers, the defendants moved to dismiss the complaints in these negligence actions upon the ground that the causes of actions alleged were released by the plaintiff. Special Term, by written memorandum dated November 3, 1951, denied the motions, permitted the plaintiffs to serve amended complaints, gave the defendants leave to allege as defenses in their answers the releases, and directed a separate jury trial upon any question of fact to be raised by the pleadings concerning the validity of the releases. No order was entered upon the decision, although the attorneys for one of the defendants by letter of December 21, 1951, addressed to the attorney for the plaintiffs suggested that he prepare a proposed order. On October 31, 1952, the defendants moved to dismiss the actions for lack of prosecution. No answering affidavits were submitted nor did the attorney for the plaintiffs appear when the motions were called and heard. Consequently, the motions were granted. The attorney for the plaintiffs later appeared and discussed the matter with the Justice sitting at Special Term but he did not move for permission to interpose answering affidavits and oppose the motions. He waited until after entry of the orders and the judgments of dismissal and then appealed. After his late appearance, had he by motion promptly sought permission to appear and oppose the motions to dismiss, in all likelihood permission would have been given and a conditional rather than an unconditional order granted. The plaintiffs' delay in entering the order was unnecessary but, in view of the fact that the order could have been settled upon motion of the defendants, the delay should not result in depriving the plaintiffs of a trial. In the interests of justice, we reach the result Special Term undoubtedly would have reached had the different procedure been followed. The judgments and orders are reversed, without costs and the motions to dismiss the complaints for lack of prosecution are denied, without costs upon condition that the plaintiffs promptly move before Mr. Justice IMRIE to settle the orders upon his decision of November 3, 1951, and without prejudice to a motion to dismiss the actions for lack of prosecution if not tried at the term next succeeding the joinder of issue for any reason attributable to plaintiffs. Foster, P. J., Bergan, Coon and Zeller, JJ., concur; Imrie, J., taking no part.